```
                                                                    FILED
                                                                 October 06, 2021
              IN THE UNITED STATES DISTRICT COURT              CLERK, U.S. DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TEXAS                WESTERN DISTRICT OF TEXAS
                        EL PASO DIVISION                    BY:    David Trujillo
                                                                        DEPUTY
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. EP-21-CR-00835-FM |
| Plaintiff, | § § § | **S U P E R S E D I N G** <br> **I N D I C T M E N T** |
| v. | § § | CT 1: 18 U.S.C. §§ 554 & 18 U.S.C. §§ 2 |
| ANDRES RIVERA (1), and <br> JUAN ANDRES RIVERA (2), | § § § | Smuggling Goods from the United States, and Aiding and Abetting; |
| Defendant. | § § § | CT 2: 18 U.S.C. §§ 371 & 554 – Conspiracy to Smuggle Goods from the United States |
| | § § § | *Notice of Government's Demand for Forfeiture* |

THE GRAND JURY CHARGES:

**At all times relevant to this Indictment:**

1. Effective March 2, 2020, the Commerce Control List ("CCL"), located at Title 15, Code of Federal Regulations, Section 774, details commodities, software, and technology subject to control by the United States Department of Commerce, Bureau of Industry and Security pursuant to the Export Control Reform Act, Title 50, United States Code, Chapter 58.

2. The CCL is part of the Export Administration Regulations ("EAR"), located at Title 15, Code of Federal Regulations, Section 730 *et seq*.

3. Firearms are designated as controlled items in Section 774, Appendix Supplement Number 1 of the CCL.

4. Ammunition is designated as controlled item in Section 774, Appendix Supplement Number 1 of the CCL.

5. According to Title 15, Code of Federal Regulations, Section 736.2, a person may not export an item subject to the EAR to another country if exporting that item to that country requires a license.

6. Exportation of firearms and ammunition to Mexico requires a license.

7. Defendant, Juan Andres Rivera, did not have a license or any authority to export firearms or ammunition out of the United States to Mexico.

## COUNT ONE
## (18 U.S.C. § 554 & § 2)

Beginning on or about January 13, 2021, and continuing through on or about April 22, 2021, in the Western District of Texas, Republic of Mexico, and elsewhere, Defendant,

**JUAN ANDRES RIVERA (2),**

knowingly and unlawfully concealed, bought, or facilitated or aided and abetted the transportation and concealment of any merchandise, article and object, prior to exportation, knowing the same to be intended for exportation from the United States, contrary to any law or regulation of the United States, to-wit: approximately 2,000 rounds of assorted ammunition which is a controlled item as defined in the CCL, and the Defendant had not received a license or authorization for such export, in violation of Title 50, United States Code, Section 4819 and Title 15, Code of Federal Regulations, Sections 774 and 736.2(b)(1), all in violation of Title 18, United States Code, Sections 554 and 2.

## COUNT TWO
## (18 U.S.C. § 371 & § 554)

Beginning on or about January 13, 2021, and continuing through on or about April 22, 2021, in the Western District of Texas, the Federal Republic of Mexico, and elsewhere, Defendant,

**JUAN ANDRES RIVERA (2),**

did knowingly and willfully combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit offenses against the United States, in violation of Title 18, United States Code, 371, that is, they conspired to:

1. knowingly and willfully export and send and attempt to export and send ammunition from the United States, regulation of the United States, and

2. knowingly and willfully receive, buy, conceal, and facilitate the transportation and concealment of ammunition prior to exportation, knowing the same to be intended

for exportation from the United States, contrary to Title 22, United States Code, Section 2778 and Title 22, Code of Federal Regulations, Section 121.1, a law or regulation of the United States.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objective of the conspiracy, the defendant and his co-conspirators, committed and caused to be committed the following overt acts in the Western District of Texas and elsewhere:

1. On or about March 8, 2021, **JUAN ANDRES RIVERA** received assorted ammunition at his residence in El Paso, Texas and loaded the said ammunition into a motor vehicle being driven by another co-conspirator with the understanding and purpose that the ammunition was to be exported to Mexico;

2. On or about April 22, 2021, **JUAN ANDRES RIVERA** received assorted ammunition at his residence in El Paso, Texas and loaded the said ammunition into his residence with the understanding and purpose that the ammunition was to be exported to Mexico by another co-conspirator.

All done in violation of Title 18, United States Code, Sections 371 and 554.

### NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

**I.**
**Smuggling Goods from the United States Violation and Forfeiture Statutes**
[Title 18 U.S.C. §§ 554 and 371, subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the foregoing criminal violations set forth in Counts One and Two, the United States gives notice to Defendant **JUAN ANDRES RIVERA** of its intent to seek the forfeiture of the properties described below upon conviction and pursuant to FED. R. CRIM. P. 32.2, Title 18

U.S.C. § 981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

> **Title 18 U.S.C. § 981. Civil Forfeiture**
> (a)(1) The following property is subject to forfeiture to the United States:
> * * *
> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Title 18 U.S.C. § 554 Smuggling Goods from the United States is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7).

> **Title 19 U.S.C. § 1595a. Forfeiture and other penalties**
> * * *
> **(d) Merchandise exported contrary to law**
> Merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

This Notice of Demand for Forfeiture includes but is not limited to the properties described below in Paragraph II.

## II.
## Properties

1. Approximately 2000 rounds of Federal Lake City 50 caliber BMG Full Metal Jacket (FMJ); and
2. Any and all other property and/or accessories involved in or used in the commission of the criminal offense,

A TRUE BILL

ORIGINAL SIGNATURE REDACTED PURSUANT TO E-GOVERNMENT ACT OF 2002

FOREPERSON OF THE GRAND JURY

ASHLEY C. HOFF
UNITED STATES ATTORNEY

BY: _____
Assistant U.S. Attorney